IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN MCGAHAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>MOHAMMAD F. GHASSEMI; and GALACTIC EXPRESS, INC.,<br><br>                    Defendants. | 4:23-CV-3034<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on plaintiff John McGahan's motion for default judgment. Filing 41. The plaintiff served process on defendant Mohammad F. Ghassemi on March 29, 2023 (filing 12), and on defendant Galactic Express, Inc., on April 1, 2023 (filing 14; filing 15). Neither defendant has answered or otherwise pled, and neither have appeared in this matter. The Clerk filed an entry of default on August 21, 2023. Filing 20; *see* Fed. R. Civ. P. 55(a). For the reasons discussed below, the Court will grant the plaintiff's motion for default judgment. Judgment will be entered following a hearing to determine the appropriate amount of damages.

## I. STANDARD OF REVIEW

    After default is entered against a party that has not appeared or has otherwise failed to defend, default judgment may be sought. Fed. R. Civ. P. 55. On such a motion, the Court assumes the truth of the well-pleaded factual allegations in the complaint, other than those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see also Murray v. Lene,* 595 F.3d 868, 871 (8th Cir. 2010); *Sampson v. Lambert,* 903 F.3d 798, 805 (8th Cir. 2018).

However, it remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Glick v. Western Power Sports, Inc.,* 944 F.3d 714, 718 (8th Cir. 2019) (quoting *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010)); *see also, e.g., Sampson,* 903 F.3d at 806.

When a party moves for default judgment, the Court may conduct a hearing to establish the truth of any allegation and to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Where, as here, the damages claimed are for an uncertain sum, the amount of damages must be proved to a reasonable degree of certainty. *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 819 (8th Cir. 2001).

## II. BACKGROUND

In January 2019, the plaintiff was travelling eastbound through Nebraska. Filing 1-2 at 21-22. On the Interstate, the plaintiff saw a vehicle in the grass median. He parked on the shoulder in order to provide assistance. *Id.* Mohammad Ghassemi, a Galactic Express employee, was driving west in a semitruck owned by TFG Financial Corporation. *See id.* Ghassemi lost control of his truck, crossed into the median, and collided with the driver side of the plaintiff's vehicle while the plaintiff was inside. Filing 1-2 at 22. The plaintiff seeks to hold Ghassemi, Galactic Express, and TFG jointly and severally liable for injuries to his left leg and neck. *See* filing 1-2 at 22-23. He alleges that Ghassemi's negligence caused the collision and Galactic Express is vicariously liable for that negligence. *See* filing 1-2 at 22. And he alleges that TFG is liable because Ghassemi was a permissive user of its vehicle. *Id.*

The Court denied an earlier motion for default judgment, filing 22, because TFG had *not* defaulted, and the Court was unable to enter judgment

while the claim remained unresolved against TFG. *See* filing 28 at 2; *Pfanenstiel Architects, Inc. v. Chouteau Petro. Co.*, 978 F.2d 430, 432 (8th Cir. 1992). TFG and the plaintiff have since resolved the plaintiff's claims against TFG, and TFG has been terminated as a party. Filing 35; filing 36. The plaintiff has renewed his motion for default judgment as to Ghassemi and Galactic Express. Filing 41.

### III. ANALYSIS

#### 1. NEGLIGENCE

The Court finds that the plaintiff has properly alleged a negligence claim against the defaulted defendants. To prevail in any negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and resulting damages. *E.g., Lewison v. Renner*, 905 N.W.2d 540, 548 (Neb. 2018). More specifically, in an automobile negligence action, a plaintiff must prove that the defendant was negligent, the negligence was a proximate cause of the collision, and the collision was a proximate cause of some damage to the plaintiff. *Id.*

The plaintiff alleged that Ghassemi breached his duty to the plaintiff by failing to maintain reasonable control of the semitruck, failing to maintain a proper lookout, failing to maintain his lane of travel, failing to operate the truck at a reasonable speed, failing to consider his surroundings and the conditions of the roadway while operating the truck, and carelessly driving. Filing 1-2 at 22. The plaintiff alleged that he suffered damages because Ghassemi negligently collided with his vehicle. *See id.* He has therefore stated a claim of negligence against Ghassemi.

The plaintiff alleges that Galactic Express is liable for Ghassemi's negligence through the doctrine of respondeat superior. Under that doctrine,

3

an employer is vicariously liable for an employee's negligent acts committed in the scope of the employer's business. *E.g.*, *Holloway v. State*, 875 N.W.2d 435, 448 (Neb. 2016). The plaintiff has alleged that Ghassemi was Galactic Express' employee, and Ghassemi was driving the truck within the scope of his employment as a truck driver. *See* filing 1-2 at 22. He has stated a claim that Galactic Express is vicariously liable for Ghassemi's negligence.

## 2. DAMAGES

The plaintiff has requested an evidentiary hearing for the Court to determine the amount of damages. *See* filing 42 at 8; NECivR 55.1(c)(4). The plaintiff seeks reimbursements of his medical expenses, past lost wages, future lost wages, loss of earning capacity, and past and future pain and suffering. *See* filing 1-2 at 23. A hearing is needed to adequately assess the proper amount of general and special damages. Fed. R. Civ. P. 55(b).

Complicating this matter is the plaintiff's settlement with TFG Financing Corporation. *See* filing 35. The plaintiff's theory is that TFG is liable under a permissive use theory. Filing 1-2 at 23; *see Protective Fire & Cas. Co. v. Cornelius*, 125 N.W.2d 179, 185 (Neb. 1963); Neb. Rev. Stat. § 60-534. The Court is unaware of the particular terms of the settlement. Under the plaintiff's theory of liability, TFG's insurer is liable for Ghassemi's negligence. Under that theory, TFG is responsible for any judgment to the extent of its policy limits. *Protective Fire*, 125 N.W.2d at 185. Ghassemi or Galactic Express are liable for any damages above TFG's insurance policy limits. *See id.*

The plaintiff claims the defendants are jointly and severally liable for his injuries. When a plaintiff settles with one or more jointly and severally liable defendants, the plaintiff's recovery against the remaining tort-feasors may be reduced—how, exactly, depends on the nature of the claims and whether

4

common-law or statutory rules apply. *See generally Certain Underwriters at Lloyd's v. S. Pride Trucking, Inc.*, 331 F. Supp. 3d 956, 963-67 (D. Neb. 2018). The Court will determine the impact, if any, of the settlement in this case on the damages award at the hearing.

Accordingly,

    IT IS ORDERED:

1. The plaintiff's motion for default judgment (filing 40) is granted.

2. The Court will conduct a hearing to determine the appropriate amount of damages. Judgment will be entered following the hearing.

3. The plaintiff's counsel shall contact the undersigned's chambers to set a hearing.

Dated this 22nd day of July, 2024.

                                    BY THE COURT:

                                    */s/ John M. Gerrard*
                                    John M. Gerrard
                                    Senior United States District Judge